UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CYNDI CORDŌN,<br>*Plaintiff,*<br><br>v.<br><br>MATTHEW J. SANTANA,<br>*Defendant.* | Civil Action No. 17-4722<br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Cyndi Cordōn ("Plaintiff") seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but the Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted. Specifically, Plaintiff fails to plausibly plead a claim.

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes her inability to pay, and the Court grants her application to proceed *in forma pauperis* without prepayment of fees and costs.

However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of

review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

The allegations in this case are far from clear; the Complaint is rambling, disorganized, and disjointed. The Complaint also fails to provide the Court with a timeline as to the myriad of factual assertions. Plaintiff begins by stating that she "had to profile the cop murders before they happened in ESX-L 4607-11." D.E. 1 at 8. Plaintiff then alleges that her "RICO case is with the Hell's Angels." *Id.* As background, Plaintiff provides that she could be in Mensa, understands Boolean algebra, and has an episodic memory. *Id.* Additionally, Plaintiff alleges that she "tied the Russian mob to the Hell's Angels . . . got [herself] hacked from Russia on purpose in one of the cases by baiting an HA in a shelter with the intent to gather the specific type of evidence." *Id.* at 9.

Plaintiff also discusses how Matthew Santana ("Santana") moved into her apartment and continuously harassed her about the heat not working. *Id.* Santana allegedly threatened to sue

Plaintiff's landlady over the lack of heat, which Plaintiff believes constituted blackmail and harassment. *Id.* at 10. Plaintiff claims that she has proof of Santana's harassment and threatening statements in the form of emails and text messages. *Id.* Plaintiff alleges that Santana had Bronx shelter gang members break into her apartment and rewire her boiler so that the heat in her apartment could not be turned off. *Id.* at 12. Plaintiff believes that Santana and the gang members rewired the boiler so that she would have to live in shelters, which they oversee, and have access to torturing her. *Id.*

Additionally, Plaintiff states that she will soon file a claim against Demi Washington, who appears to be her son's ex-fiancé. Plaintiff apparently will allege claims of hacking and kidnapping against Ms. Washington. *Id.* at 13-14. Plaintiff also describes how Apple iPhones can be hacked and that her "forensics expert, who is an ex NJ cop, says that you can recover hacked texts, pictures and videos, and content hacked and removed from apps on your phone, but not emails." *Id.*

Even construed liberally, the Court cannot ascertain any alleged federal causes of action in the Complaint. Plaintiff sets forth no counts, and she fails to indicate any specific cause of action. *See Kassin v. U.S. Postal Serv.*, No. 11-1482, 2011 WL 6002836, at *2 (D.N.J. Nov. 30, 2011) (finding that a *pro se* plaintiff's discussion of factual allegations, without specifying a legal cause of action, was insufficient to withstand a motion to dismiss). The Court also cannot ascertain diversity jurisdiction. Plaintiff bears the burden of proving diversity jurisdiction, which requires proof of the parties' diversity of citizenship as well as the existence of a matter in controversy exceeding the value of $ 75,000. *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (citing 28 U.S.C. § 1332). Plaintiff's case does not appear to exceed the

value of $75,000. In fact, Plaintiff says money damages are slight and appears to ask for $10,000 in relief. D.E. 1 at 6.

Reading the Complaint as liberally as possible, Plaintiff is alleging (in part) vandalism against Santana for having the Bronx shelter gang members rewire her apartment boiler so that it cannot be turned off. If Plaintiff believes she is the victim of a crime, then she should immediately file a report with the police. If Plaintiff believes she is the victim of a tort, then she should file a complaint in state court. At present, it is entirely unclear to the Court what Plaintiff is actually alleging. Therefore, Plaintiff fails to plausibly plead any cause of action and her Complaint is dismissed.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiff's claims are futile. Therefore, the Court shall provide Plaintiff thirty (30) days to file an amended complaint[1] that cures the deficiencies set forth herein, including a clear recitation of pertinent facts, setting forth a specific cause (or causes) of action, and indicating which alleged facts support the cause(s) of action. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with

---

[1] If Plaintiff does file an amended complaint which the Court finds sufficient, Defendant is not precluded from filing a motion to dismiss pursuant to Rule 12(b)(6). The Court's role at this stage is to perform a screening function. The Court's ruling does not prejudice Defendant from litigating the matter as he sees fit.

prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against Defendant concerning the allegations in the Complaint. An appropriate form of Order accompanies this Opinion.

Dated: October 16, 2017

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　JOHN MICHAEL VAZQUEZ, U.S.D.J.